# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENESSEE
# EASTERN DIVISION

| | | |
|---|---|---|
| BRANDON COLOM, | ) | Civil Action No. 1:12-cv-01160 |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| WASTE MANAGEMENT, INC. | ) | |
| OF TENNESSEE | ) | |
| | ) | |
| Defendant. | ) | JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff, by and through his attorney, for his Complaint allege, upon knowledge as to himself and otherwise upon information and belief, as follows:

### I. PRELIMINARY STATEMENT

1. This action is also brought pursuant to 42 U.S.C. § 2000 et seq., Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, for unlawful race discrimination and retaliation suffered for reporting discriminatory activity and 42 U.S.C. § 1981.

2. This is an action to recover actual, nominal, compensatory, emotional and punitive damages for race discrimination. Additionally, Plaintiff seeks actual, nominal and punitive damages because of the retaliatory action taken against him after he complained of the discriminatory treatment suffered at the workplace.

3. The relief Plaintiff seeks is supported by satisfactory proofs, including the public records, facts and other documentation referenced throughout the Complaint.

4. Aside from the damages stated in Paragraph 2, Plaintiff seeks the costs of litigation, including reasonable attorney's fees.

1

## II. JURISDICTION

7. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343(3)(4), which confers original jurisdiction on federal district courts to redress the deprivation of rights, privileges and immunities as stated herein. It also has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

8. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

## III. VENUE

9. Venue is proper in the United States District Court for the Western District of Tennessee, Eastern Division, pursuant to 28 U.S.C. § 1391(b), because the claims arise in Madison County, Tennessee.

## IV. IDENTIFICATION OF PARTIES.

10. Plaintiff, BRANDON COLOM, is an adult resident of Ripley, Mississippi 38663.

11. Defendant, WASTE MANAGEMENT, INC. OF TENNESSEE, is a Texas corporation doing business throughout the state of Tennessee. It may be served with process upon its registered agent, CT CORPORATION, located at 800 South Gay Street, Suite 2012, Knoxville, Tennessee 37927. Defendant is an employer within the meaning of Title VII. Defendant operates a business office located at 137 Lawrence Switch Road, Jackson, Tennessee 38301; the location where Plaintiff was employed.

## VI. STATEMENT OF FACTS

14. Plaintiff filed a charge with the Equal Employment Opportunity Commission (hereinafter "EEOC"), attached hereto as Exhibit "A," related to his race and retaliation claims, and has received the right to sue letter dated May 18, 2012, attached hereto as Exhibit "B."

15. Plaintiff was employed by Defendants for five (5) years.

16. Plaintiff was first hired by Defendant as a Route Manager, but was eventually promoted to a Site Manager/District Manager. This was the position Plaintiff held when he was terminated.

17. While employed by Defendant Plaintiff was overlooked – twice – for a promotion, despite the fact he attained a master's degree in 2010 and was one of the few employees working at his location with such a degree.

18. Plaintiff first applied for a promotion around 2007/2008. This promotion was for the District Operations Manager and was based out of Birmingham, Alabama..

19. When Plaintiff applied for this position Kelly Horton, Defendant's human resources representative, stated he would not be considered for the promotion. She added the job was set aside for a white male. This individual was not as qualified as Plaintiff for the position.

20. The second promotion Plaintiff applied for was in March 2008 for the District Manager position. When Plaintiff applied for this position he spoke with Seymour Welch, one of Defendant's black supervisors. Mr. Welch told Plaintiff that he wanted to help improve the situation for blacks, but Plaintiff should be patient.

21. Plaintiff complained about Mr. Welch's comments to Defendant's human resource office, but he was told his complaint was just a personal matter.

22. The reason, Plaintiff was denied these promotions were due to the fact he had complained about racial discrimination.

23. In 2007 Ms. Horton – a Waste Management Employee who recruits employees for Waste Management (and currently holds this position) – referred to blacks as "coons." Plaintiff took offense that someone who was hiring for Defendant would describe black people in such a manner.

3

24. Plaintiff complained to Defendant. Plaintiff specifically complained to Mr. Welch, a black male, and Aaron Housel, a white male.

25. Further, when Plaintiff was talking to Mr. Welch about his second promotion, Mr. Welch told Plaintiff that he had "f*cked up" when he complained about the "coon" remark.

26. The discrimination and harassment is not just linked to Defendant's failure to promote Plaintiff. On April 13, 2011, Defendant sent two white employees similarly situated with Plaintiff, to district management training to enhance their career.

27. These white employees were less qualified than Plaintiff and had less seniority than Plaintiff. They also had less education than Plaintiff.

28. Mitch Rowan, the district operations manager and white male, made the decision to send the white employees in lieu of Plaintiff.

29. On August 31, 2011, Plaintiff was fired from his position.

### VII. ALLEGATIONS OF LAW

30. At all times relevant, Plaintiff was a member of the African-American race.

31. At all time relevant, Plaintiff made complaints about activities protected under the applicable anti-discrimination statutes.

32. At all times relevant, Plaintiff was qualified for the position of Site Manager/District Manager, as well as other executive positions at Defendant's place of business.

33. At all times relevant, Plaintiff suffered an adverse employment action when he was terminated by Defendant on or about August 31, 2011.

34. At all time relevant, Plaintiff was (i) replaced by someone outside the protected class of race, (ii) treated differently than a person similarly situated outside the protected class and/or (iii) otherwise discharged because of his race.

35. At all times relevant, Plaintiff engaged in protected activity when he complained that black employees were being treated differently than white employees.

36. At all times relevant, there was a causal link between Plaintiff's protected activity and his termination.

37. At this time, Defendant's non-discriminatory/retaliatory reason for Plaintiff's termination is not this clear, but Plaintiff will show that such a reason is pretextual.

38. At all times relevant, Plaintiff would not have been discharged by Defendant but for his race.

39. At all times relevant, Plaintiff would not have been discharged by Defendant but for his complaints about protected activity.

40. At all times relevant, Defendant's decision to terminate Plaintiff was substantially motivated by his race.

41. At all times relevant, Defendant's decision to terminate Plaintiff was substantially motivated by his decision to engaged in protected activities.

42. As a result of Defendant's actions, Plaintiff was unlawfully terminated because of his race.

43. As a result of Defendant's actions, Plaintiff was unlawfully terminated because he complained about Defendant's discriminatory practices regarding race.

44. As a result of Defendant's conduct, Plaintiff has suffered injury.

45. As a result of Defendant's conduct, Plaintiff has suffered mental anxiety, stress and lost income.

46. The actions of the Defendant are outrageous such that punitive damages are due.

## VIII. FIRST CAUSE OF ACTION – 42 U.S.C. § 2000 et seq.
### (Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991 - Race)

47. Paragraphs 1 – 46 of the Complaint are incorporated herein by reference, the same as though pleaded in full.

48. The unlawful actions of Defendant, as alleged herein, constituted an unlawful discharged based on race.

49. As a direct and proximate cause of Defendant's actions, Plaintiff's rights, as guaranteed by Title VII, were injured.

WHEREFORE Plaintiff prays for relief against all Defendants as set forth below.

## IX. SECOND CAUSE OF ACTION – 42 U.S.C. § 2000 et seq.
### (Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991 - Retaliation)

50. Paragraphs 1 - 49 of the Complaint are incorporated herein by reference, the same as being plead in full.

51. The unlawful actions of the Defendant, as alleged herein, constituted retaliation against Plaintiff for engaging in protected activity.

52. As a direct and proximate cause of Defendant's actions, Plaintiff's rights, as guaranteed by Title VII, were injured.

WHEREFORE Plaintiff prays for relief against all Defendants as set forth below.

## X. THIRD CAUSE OF ACTION – 42 U.S.C. § 1981
### (Equal Benefits Under the Law)

53. Paragraphs 1 - 97 of the Complaint are incorporated herein by reference, the same as though pleaded in full.

54. The actions of Defendant, as alleged herein, discriminated against Plaintiff because of his race.

55. Preferential treatment given to the white employees referenced in this complaint violated 42 U.S.C. § 1981's guarantee of equal benefits under the law.

56. Defendant is guilty of deliberate indifference to the protection Plaintiff's equal protection rights.

57. Defendant's deliberate indifference was the proximate cause of Plaintiff's injuries.

WHEREFORE Plaintiff prays for relief against all Defendants as set forth below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays this Court:

a. Assume jurisdiction over this action;

b. Declare that Defendant's actions, as herein described, violated Plaintiff's rights under Title VII and 42 U.S.C. § 1981;

c. Award Plaintiff nominal, actual, emotional, compensatory and punitive damages against Defendant for the its discriminatory and retaliatory actions, as defined by Title VII and 42 U.S.C. § 1981,

d. Award Plaintiff his costs of litigation, including reasonable attorney's fees and expenses, pursuant to 42 U.S.C. sec. 1988 and/or 20 U.S.C. sec. 1400 et seq.,

e. Grant such other relief to which Plaintiff may be entitled or as this Court deems necessary and proper.

Respectfully submitted,

Joseph R. Murray, II
MS Bar #101802
(*Pro Hac Vice Pending*)
MURRAY LAW FIRM, PLLC.
104 South Commerce Street
Ripley, MS 38663
jrm@joemurraylaw.com
Telephone: (662) 993-8010